

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 1, 2024

**BY ECF**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Jermal Lincoln*, 21 Cr. 442 (ER)

Dear Judge Ramos:

  The Government respectfully submits this letter in the above-captioned matter in response to defendant Jermal Lincoln's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 36 (motion)). The defendant's motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. Here, the motion rests on the following portion of Amendment 821:

- Part A, which alters a provision of the Guidelines that applies additional criminal history points, commonly referred to as "status points," for offenders who committed their offense while subject to a criminal justice sentence

A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.

  For the reasons set forth below, the defendant's motion should be denied.

  Section 3582(c)(2), which governs the defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

Assuming *arguendo* that the defendant qualifies for potential relief, the Court should nevertheless deny the motion. Where a defendant qualifies, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g.*, *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Accordingly, courts in this district have denied sentence reductions under Amendment 821 when the Section 3553(a) factors still supported the original sentence imposed. *See, e.g.*, *United States v. Calk*, No. 19 Cr. 366 (LGS), Dkt. No. 318, at *2-3 (S.D.N.Y. Mar. 4, 2024) ("For the reasons expressed at Defendant's initial sentencing hearing, the previously imposed sentence is the minimum sentence necessary" to meet 18 U.S.C. § 3553(a)(2)(A)-(B))*; United States v. Crute*, No. 19 Cr. 816 (VB), Dkt. No. 78, at *2 (S.D.N.Y. Feb. 20, 2024) ("To reduce Crute's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would surely promote disrespect for the law and would also disrespect the views of Crute's victims. This is not a step the Court is willing to take."); *United States v. Khaziran*, No. 21 Cr. 603 (VEC), Dkt. No. 1247, at 3 (S.D.N.Y. Jan. 17, 2024) ("Defendant urges the Court to reduce his sentence by six months primarily because he has been a 'model inmate,' promptly took responsibility for his actions, has strong family connections, and is unlikely to reoffend. The Court commends Defendant for his good behavior and employment while incarcerated. Those factors are not enough, however, to justify a reduction of sentence in this case." (citations omitted)).[1]

---

[1] Many courts have likewise denied sentence reductions when previous Guideline amendments lowered the applicable sentencing ranges. *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (denial of sentence reduction was not an abuse of discretion, although earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn,* 728 F.3d 1151, 1160 (9th Cir. 2013) (reduction denied where, among other things, "the original sentence was needed to afford adequate deterrence" (internal quotation marks omitted)); *United States v. Arceneaux*, 297 F. App'x 819, 821 (10th Cir. 2008) (reduction denied due to disciplinary record in prison); *United States v. Suell*, No. 99 Cr. 324, 2008 WL 2845295, at *3 (N.D. Tex. July 17, 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); *United States v. Reynolds*, No. 95 Cr. 71, 2008 WL 2367254, at *3 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009); *United States v. Melton*, No. 98 Cr. 50, 2008 WL 1787045, at *2 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); *United*

Here, considering all facts and circumstances, the Court should deny the defendant's motion. In particular the defendant's motion should be denied because: (i) the original below-Guidelines imposed sentence continues to be justified by the relevant Section 3553(a) factors; and (ii) the defendant waived his right to appeal any sentence below 70-months' imprisonment through his plea agreement.

*First*, the original sentence imposed was a below-Guidelines sentence that took into consideration at least two mitigating factors — the defendant's mental health challenges and his familial relationships. (Sent. Tr. at 14-15). Those mitigating factors were balanced against several aggravating factors including the defendants egregious criminal conduct which consisted of, among other things, (i) his illegal acquisition of a firearm; (ii) his daytime discharge of a firearm on a residential street during a verbal dispute; (iii) endangering the lives of arresting officers by ramming their vehicle with his own; and (iv) engaging in interstate gun trafficking. *See* Dkt. 27 at 1-4. In addition, the defendant has a serious criminal history. This conviction was his sixth conviction and at least his third conviction involving a firearm. As explained in the Government's sentencing submission, the defendant's criminal history reveals a troubling escalation of violence over time. *Id.* at 4, 6-7. Further, at the time he was arrested in this case, the defendant was serving a term of parole for his participation in an armed robbery (PSR ¶ 44). While the 821 Amendment no longer allocates criminal history points in connection with his term of parole, the Court is not required to ignore such a brazen disregard for the law in fashioning an appropriate sentence.

The 60-month sentence imposed in this case represented a lenient sentence ten months below the Guidelines range of 70 to 87 months' imprisonment. Defense counsel asks that the Court mechanically apply another 10-month reduction without regard to the relevant Section 3553(a) factors. The defendant's new Guidelines range after Amendment 821 is 57 to 71 months, and so, the previous sentence of 60 months is a sentence at the low-end of the new Guidelines range. Any further reduction would be grossly inadequate to address the seriousness of the defendant's crimes and the need for specific deterrence for this repeat firearms offender.

---

*States v. Craig*, No. 96 Cr. 105, 2008 WL 1775263, at *2 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case).

*Second*, through his plea agreement, the defendant waived his right to appeal any sentence "at or below the Stipulated Guidelines Range of 70 to 87 months imprisonment." (Plea Agreement at 4). At sentencing, this Court reminded the defendant that his "appellate rights are severely restricted" in terms of his sentence and confirmed that the Court had, in fact, "sentenced [the defendant] below the stipulated guidelines range." (Sent. Tr. at 17). Nevertheless, the defendant now seeks a further reduction in his sentence to a 47-month term of imprisonment. He is seeking a resentencing that has the same practical effect as an appeal, the right to which he has waived. Any reduction in that sentence would not sufficiently account for the seriousness of the offense, the need for deterrence, and the need to protect the public from further crimes by the defendant.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: *[signature]*
        Ashley C. Nicolas
        Assistant United States Attorney
        (212) 637-2467

cc:  John Buza, Esq. (by ECF)